**John Frederick HARDNEY, Plaintiff—Appellee,**

v.

**T. L ROSARIO, Warden; et al., Defendants—Appellants.**

**No. 05–15529.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

John Frederick Hardney, Vacaville, CA, pro se.

John William Riches, II, AGCA–Office of the California Attorney General (Sac) Department of Justice, Sacramento, CA, for for Defendant–Appellant.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Defendants T.L. Rosario, S.J. Vance, and Cheryl Pliler, ("defendants") seek interlocutory review of the district court's order denying their motion for summary judgment on qualified immunity grounds in California state prisoner John Frederick Hardney's 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We review de novo, *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 945 (9th Cir. 2003), and we affirm.

Hardney's action alleged, inter alia, that he was cruelly and unusually punished in that he was confined to his cell without outdoor exercise for approximately 74 straight days, followed by another period of 67 days of "lockdown." The defendants moved for summary judgment on qualified immunity grounds, arguing that it was reasonable to impose continued lockdown restrictions during a state of emergency in a good faith effort to ensure inmate safety.

The district court properly denied defendant's motion because Hardney's right to outdoor exercise is clearly established. *See Allen v. Sakai*, 48 F.3d 1082, 1087–1088 (9th Cir.1994) (Eighth Amendment violation found where prisoner in secured housing unit was allowed only forty-five minutes of outdoor exercise per week for six weeks); *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir.2000) (deprivation of outdoor exercise for forty-five days constituted cruel and unusual punishment to prisoner). Although unusual circumstances or disciplinary reasons may justify long term out-door exercise deprivation, *LeMaire v. Maass*, 12 F.3d 1444, 1458 (9th Cir.1993), the defendants have not explained why access to outside exercise could not have been provided within a reasonable time from the initiation of the lockdown, and indefinite and severe confinement cannot be justified by vague logistical concerns or practical difficulties. *See Allen*, 48 F.3d at 1088. Accordingly, the district court properly concluded that there is a genuine issue regarding whether the defendants were deliberately indifferent.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

